Martha LA TORRE; Fharid Jhafar
Ladinez, Petitioners,

v.

Alberto R. GONZALES, U.S. Attorney
General, Respondent.

No. 04–60970.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 16, 2006.

Peter D. Williamson, Williamson &
Chaves, Houston, TX, for Petitioners.

Thomas Ward Hussey, Director, U.S.
Department of Justice Office of Immigration Litigation, Washington, DC, Daniel
Eric Goldman, U.S. Department of Justice
Civil Division Immigration Litigation,
Washington, DC, Alberto R. Gonzales,
U.S. Department of Justice, Hipolito Acosta, U.S. Immigration & Naturalization Service, Houston, TX, for Respondent.

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM: *

Martha La Torre petitions this court
for review of the Board of Immigration
Appeal's (BIA) order affirming the Immigration Judge's (IJ) decision denying her
motion for a continuance; denying her application for asylum as untimely and, alternatively, on the merits; and denying

---

\* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

her application for withholding of removal. La Torre argues that the IJ erred by denying her application for asylum, her application for withholding of removal, and her motion for a continuance.

The BIA's affirmance of the IJ's denial of asylum relied on the IJ's determination that La Torre's application was untimely. Accordingly, this court lacks jurisdiction to review the denial of asylum. *Cf. Zhu v. Ashcroft*, 382 F.3d 521, 526 (5th Cir.2004) (BIA did not indicate whether it was affirming timeliness decision, merits decision, or both). La Torre has not shown that the evidence presented in her case compels the conclusion that the IJ erroneously denied her application for withholding of removal. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir.1994). Because there is substantial evidence to support the IJ's determination, La Torre is not entitled to relief. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir.2002).

La Torre requested a continuance on the morning of the hearing due to the fact that one of her witnesses was not present. La Torre was previously granted a continuance based on the lack of availability of the same witness. Rather than issue a subpoena to secure his attendance, La Torre relied on his assertion that he would be present. Given these facts, La Torre has failed to show that the IJ abused his discretion by denying her motion. *See Witter v. INS*, 113 F.3d 549, 555–56 (5th Cir.1997). In light of the foregoing, La Torre's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.